UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

THE UNITED FOOD & COMMERCIAL
WORKERS INTERNATIONAL UNION-
INDUSTRY PENSION FUND, and Milton
Jones and Jason Paradis, in their capacities
as Trustees,

                Plaintiffs,

     v.

LOGMET, LLC,

                Defendant.

Case No. 1:25-cv-3510

---

## COMPLAINT

In support of their claims against Defendant Logmet, LLC ("Logmet"), Plaintiffs United Food & Commercial Workers International Union-Industry Pension Fund, (the "Fund"), and Milton Jones and Jason Paradis, in their capacities as Fund Trustees, allege the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that this is an action by an ERISA benefits plan fiduciary to redress Defendant's violations of the terms of the Fund's trust agreements and ERISA Section 515 (29 U.S.C. § 1145).

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2)), because the Fund is administered in this district.

53506164v2

## THE PARTIES

3. The Fund is ERISA benefit plan/fund and brings this action on behalf of the Trustees, participants and beneficiaries of the Fund.

4. Logmet is a Texas company with a principal place of business at 9600 Great Hills Trail Suite 150 Austin, Texas.

## FACTUAL BACKGROUND

5. Logmet is a party to a collective bargaining agreement with the United Food and Commercial Works Local No. 1996 (the "CBA"). A true and correct copy of the CBA is attached as **Exhibit A**.

6. By agreeing to be bound by the CBA, Logmet adopted and assented to all the terms and provisions of the Fund's trust agreements, including all rules and regulations adopted by the Fund's trustees.

7. The Fund's trust agreement, Section 7.6(q), provides that the Fund may audit a participating employer's payroll records to ensure the sufficiency of the employer's contributions. If an employer fails to cooperate with an audit, the trust agreement allows the Fund to collect the cost of the audit from the employer.

8. The Fund has also adopted a Delinquency Collection Policy/Procedure (the "Policy") which is attached as **Exhibit B**. The Policy empowers the Fund under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees.

9. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

10. Logmet has violated the Fund's trust agreements and ERISA Section 515. Specifically, Logmet has not paid contributions to the Fund for the period of July 2024 to present as required by its CBA, has not submitted payroll or other contribution reporting during that period, and has ignored the Fund's requests, sent by letters dated June 6, 2023, December 4, 2024, and February 19, 2025, that Logmet participate in an audit of its payroll records from July 2021 to present[1].

11. Logmet has not submitted to the Fund contribution reports identifying the contributions it is required to contribute under the CBA. Based on historical contribution amounts, the Fund estimates that over the period of July 2024 through December 2024, Logmet failed to pay $31,113.45 in contributions. That estimate does include contributions owed for January or February of 2025 which, as of the filing of this Complaint, are delinquent. The estimate does not include the current interest and liquidated damages which Logmet owes under the Policy for all unpaid contributions.

12. Under the Policy, Logmet also owes the Fund liquidated damages on amounts Logmet failed to timely pay the Fund for the period of September of 2021 through June of 2024.

13. A true and correct copy of the Fund's estimate of unpaid contributions for July 2024 to December of 2024 as well as an itemization of the liquidated damages owed from September 2021 through June of 2024 is attached as **Exhibit C**.

14. The Funds have issued notices to Logmet regarding the amounts owed and the need for an audit but Logmet has ignored those notices.

---

[1] The first two requests sought an audit of a shorter period but given the lack of response and failures to make timely and complete contributions, the Fund extended the audit period in the final request.

## COUNT I:
## VIOLATION OF ERISA SECTION 515

15. The Fund incorporates by reference the preceding allegations.

16. Logmet agreed to make contributions to the Fund as required under the terms of the Fund's trust agreements.

17. Logmet has not made contributions as required.

18. The Fund has notified Logmet of its delinquency and demanded that Logmet submit payroll records and appropriate contributions.

19. Logmet has ignored the Fund's efforts to obtain the contributions owed.

20. As a result, Logmet is liable to the Funds for violation of ERISA Section 515 (29 U.S.C. Section 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)) as well as appropriate equitable relief, including a compelled audit to determine the sufficiency of Logmet's contributions.

## COUNT II:
## BREACH OF TRUST AGREEMENT

21. The Fund incorporates by reference the preceding allegations.

22. Logmet agreed to make contributions to the Funds as required under the terms of the Fund's trust agreements.

23. Logmet has not made contributions as required.

24. The Fund has notified Logmet of its delinquency and demanded that Logmet submit payroll records and appropriate contributions.

25. Logmet has ignored the Fund's efforts to obtain the contributions owed.

26. Pursuant to the Policy adopted by the Fund's trustees according to their powers under the trust agreements, the Fund may recover from Logmet:

      (a)    The amount of the unpaid contributions;

      (b)    Liquidated damages as described in the Policy; and

      (c)    Interest on the unpaid contributions as described in the Policy; and

      (d)    All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

27.    Logmet also agreed to allow the Fund to audit its payroll records.

28.    Despite requests that it do so, Logmet has refused to cooperate with an audit in breach of the Fund's trust agreement.

29.    The Fund is entitled to specific performance in the form of a Court-ordered audit and to damages for any fees incurred in conducting such audit.

**WHEREFORE,** the Fund demands the following relief:

A.    An Order for a Money Judgment in favor of the Fund and Against Defendant in the amount of:

    i.    All unpaid contributions, including those which become due during the pendency of this lawsuit;

    ii.    All interest and liquidated damages owed on those contributions;

    iii.    Payroll audit costs; and

    iv.    The reasonable attorneys' fees and actual costs the Fund incurs to collect Defendant's delinquent contributions;

B.    An Order that Logmet comply with a payroll audit for the period of July 2021 to present;

C.    That the Court retain jurisdiction pending compliance with its orders; and

D. For such other, further or different relief as the Court deems just and proper.

Dated this 2nd day of April, 2025.

/s/ Daniel G. Murphy
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

/s/ Travis J. Ketterman
Travis J. Ketterman
IL State Bar ID No. 6237433
tketterman@mkrlaborlaw.com
McGann Ketterman & Rioux, Ltd.
111 East Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 251-9700

*Attorneys for Plaintiffs*